**WO**                                                                                          MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dominic Xavier McDonald, | No.   CV-24-00611-TUC-SHR |
| Plaintiff, | |
| v. | **ORDER** |
| United States of America, | |
| Defendant. | |

Self-represented Plaintiff Dominic Xavier McDonald, who is confined in the United States Penitentiary-Coleman II in Coleman, Florida, filed a Complaint (Doc. 1) pursuant to the Federal Tort Claims Act (FTCA) and an Application to Proceed in District Court Without Prepaying Fees or Costs. The Court denied the deficient Application to Proceed and gave Plaintiff an opportunity to either pay the filing and administrative fees or file a complete Application to Proceed In Forma Pauperis.

Plaintiff subsequently filed a second Application to Proceed In Forma Pauperis (Doc. 9). The Court will grant the second Application to Proceed and require Defendant to answer the Complaint.

**I.     Second Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's second Application to Proceed In Forma Pauperis. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. *Id.* The statutory filing fee will be collected monthly in payments of 20% of the previous month's income credited

TERMPSREF

to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised legally frivolous or malicious claims, failed to state a claim upon which relief may be granted, or sought monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe [self-represented litigant's] filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a self-represented prisoner]

'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

### III.   Complaint

In his four-count Complaint, Plaintiff sues Defendant United States under the FTCA, seeking declaratory relief and monetary damages.

Plaintiff alleges, on October 31, 2023, when he was housed in the United States Penitentiary-Tucson, various Federal Bureau of Prisons (BOP) corrections officers approached his cell because he had reported to officers he was contemplating harming himself.  Plaintiff, who is Mental Health Care Level 2 inmate, refused to submit to hand restraints and asked to see his mental health provider.

"A little while later," Plaintiff contends a dozen corrections officers appeared at his cell and began to assault him and his cellmate, although "[n]either inmate had done anything that would warrant either one of them to be punched in the face, abdomen, or testicles by these officers."  He asserts multiple officers threw him "against the wall and floor, violently."

Plaintiff claims because he was afraid the officers would try to kill him, he "attempted to escape the assault" and "managed to run out of the cell, into the hallway." He alleges a lieutenant then slammed him against the floor and restrained him while a BOP official repeatedly hit Plaintiff in the head and face with "leg iron[]restraints."  Plaintiff contends none of the officers tried to intervene to stop the beating, although one official screamed, "Stop hitting him!  You're on camera!"

Plaintiff alleges his head was "split open" and he suffered a "swollen head and eye for weeks"; "severe migraine headaches, along with blurred vision to his right eye"; and "sharp pain" in his head, neck, and back, hampering his ability to jog, walk up stairs, and participate in sports.  He also claims he now has "permanent black dots" in his right eye, which has caused his vision to deteriorate.

Plaintiff asserts he submitted medical requests to health service personnel on multiple occasions, requesting to be seen for his injuries, but health service personnel failed

to treat his injuries. He contends a nurse told him she did not care about his injuries and he should "tell someone else." Plaintiff alleges another nurse told Plaintiff the nurse could not give Plaintiff any medical care, it was "up to them," and "[t]hey fucked up big time by assaulting y[']all on camera, so they gonna delay y[']all medical care until y[']all heal." Plaintiff claims he reported the assault and lack of medical treatment to the warden during the warden's weekly rounds, but the warden disregarded Plaintiff's medical complaints and "walked away from his door."

Plaintiff alleges multiple BOP employees committed assault and battery (Count One) and health service personnel committed medical negligence by disregarding and failing to tend to his injuries (Count Two). He contends multiple BOP employees were negligent in permitting the "beat[ing]" to continue and failing to help Plaintiff receive medical assistance (Count Three) and intentionally inflicted emotional distress (Count Four).

Plaintiff contends he submitted a S-95 form to BOP's Regional Office and it was denied. The Court will require Defendant to answer the Complaint.

## IV.  Warnings

### A.  Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

### B.  Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

. . . .

**C.    Copies**

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's second Application to Proceed In Forma Pauperis (Doc. 9) is **granted**.

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)    The Clerk of Court must prepare a service packet and send by certified mail a copy of the Summons, the Complaint, and this Order to (1) the civil process clerk at the office of the United States Attorney for the District of Arizona and (2) the Attorney General of the United States, pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure.

(4)    Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

Dated this 5th day of August, 2025.

Honorable Scott H. Rash
United States District Judge